Statement of facts.

[Filed May 17, 1890.]

## J. L. SPERRY & CO., APPELLANTS, *v.* H. P. LEWIS, RESPONDENT.

PROMISSORY NOTE—CONTRACT TO DELIVER WOOL.—In an action on a promissory note which had appended to it on the same sheet of paper an agreement by the maker to deliver his entire wool clip for a particular year as security for the note, and which provided that the plaintiffs were to sell the same on commission and apply the proceeds in payment of said note; *held*, that a complaint which was sufficient in every other particular, but did not allege that the defendant failed to deliver the wool, or that it was insufficient to pay the debt, was good on demurrer.

APPEAL from Union county: J. A. FEE, judge.

This is an action founded on two promissory notes, which are alike in every particular except as to amounts, time of payment, dates, etc. One is for $1,000, upon which a payment of $1,036.32 is indorsed, and the other is for $150. Each bears interest at the rate of ten per cent per annum until paid, and each note is past due. At the foot of each note and on the same piece of paper is the following writing signed by the defendant: "The above being an advance on —— entire wool clip for 188—. In consideration thereof —— agree to consign to said J. L. Sperry & Co. in Portland, Oregon, as soon as shorn, the whole of said —— from all sheep owned or controlled by ——, —— head; said wool to be held by said company as security for this and every other obligation of the undersigned to said company, and to be sold by said company for —— on account on commission under —— instructions; the proceeds of such sale to be applied, first, to any obligation secured hereby, and the overplus to be paid over to the undersigned."

A general demurrer was sustained to the complaint, and the plaintiffs not wishing to amend their complaint; final judgment was rendered against them, from which this appeal is taken.

*J. W. Shelton*, for Appellants.

*Cage Baker*, for Respondent.

STRAHAN, J., delivered the opinion of the court.

There is no defect in the complaint, except the respondent claims that the note and the writing appended to it are to be construed together and constitute one entire contract; and that before the plaintiff can recover he must show by his pleading that the wool specified in the contract was not delivered or that the same was insufficient to pay the debt; but in this counsel is evidently mistaken. The obligation to pay created by the note is unconditional and absolute, and the most that can be said for the writing appended to it is that the defendant promised to give a particular security from which an amount of money was expected to be received by the plaintiffs sufficient to pay the note. It was the defendant's duty to consign his wool clip to the plaintiffs, and until he did so, no duty devolved on the plaintiffs whatever. The complaint alleges the notes have not been paid except a particular sum on one of them, and the demurrer admits the facts. Under this state of the record it was clearly error to sustain the demurrer.

The judgment appealed from will, therefore, be reversed and the cause remanded to the court below with directions to overrule the demurrer, and for such further proceedings as may be proper.